UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON TEASLEY #119207, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:11-cv-00528 |
| | ) Judge Campbell / Knowles |
| | ) Jury Demand |
| DAVID SEHORN, et al., | ) |
|     Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

Pending before the Court is a Motion to Dismiss filed by Defendants Hodge, Jobe, Davis, McGee, Rhodes, Elks, and Howard.[1] Docket No. 23. Defendants have additionally filed a supporting Memorandum of Law. Docket No. 24. Defendants argue that Plaintiff's claims must be dismissed because: 1) Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act; 2) *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983, and Plaintiff has failed to allege sufficient personal involvement by the supervisory Defendants; and 3) Plaintiff has failed to state a claim against Defendants Hodge,

---

[1] On August 15, 2011, Defendant Howard filed a "Motion to Join" (Docket No. 51), seeking to join Defendants Sehorn, Hodge, Jobe, Davis, McGee, Rhodes, and Elks on the instant Motion to Dismiss. The undersigned granted Defendant Howard's Motion (Docket No. 54), and she is, accordingly, joined as a party to the instant Motion.

Defendants Sehorn, Carter, Bilbrey, Gibson, Tidwell, Lyboldt, and W. Howard are not parties to the instant Motion. With regard to Defendant Sehorn, the Court notes that the heading of the Memorandum of Law filed with the instant Motion does mention Defendant Sehorn, but the Motion itself does not.

1

Jobe, Davis, McGee, Rhodes, Elks, and Howard because Plaintiff's allegations against them are that they negligently failed to investigate and report his allegations to the proper authorities, but neither a failure to investigate, nor a negligent act, gives rise to a constitutional violation. *Id.*

Plaintiff has not filed a response to the instant Motion.

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that, on August 10, 2010, Defendant Sehorn, a physician's assistant, touched him in a sexual manner during a physical examination and failed to provide him with appropriate medical care; and that the other Defendants failed to investigate and report the incident to the proper authorities, failed to provide Plaintiff with a safe and secure environment, and failed to assign security officers or install security cameras to monitor Defendant Sehorn. Docket No. 1. Plaintiff sues all Defendants in their individual and official capacities. *Id.* Plaintiff seeks compensatory and punitive damages from each Defendant, as well as "any and all other relief that the court deems fair and equitable." *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Facts

As a general matter, Plaintiff filed a grievance regarding the alleged August 10, 2010 incident on September 28, 2010. *See* Grievance attached to Docket No. 1. On October 18, 2010, Plaintiff received an "Inappropriate Grievance Notification," indicating that his grievance was "unable to be processed" because he had not followed policy. *Id.* The "Inappropriate Grievance Notification" indicated that, Plaintiff's grievance was untimely, because per TDOC Policy

2

#501.01 VI(C)(1), grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. *Id.* The Notification also indicated that, "This issue has already been investigated by IA [Internal Affairs] of DSNF [DeBerry Special Needs Facility] resulting in not enough information to substantiate this claim." *Id.* On October 28, 2010, Plaintiff indicated that he wished to appeal the response to his grievance. *Id.* On February 15, 2011, Defendant Hodge notified Plaintiff that his grievance/correspondence was being returned to him because he did not follow the Inmate Grievance Procedures, specifically "TDOC Policy #501.01 and its accompanying handbook." *Id.* Defendant Hodge notified Plaintiff that no other action was required and that "This [letter] is the final advisement of such." *Id.*

The allegations of Plaintiff's Complaint pertaining to the instant Defendants are as follows:

> Claim 3 Negligence
> 1- Tenn. Dept. Of Corrections (Asst. Comm. Operations - Rueben Hodge)
> 2- DeBerry Special Needs Correctional Facility's Administration (Warden - Jenny Jobe)
>
> 1- Failed to report the sexual misconduct and sexual assault committed by Physician Assistant Dave Sehorn to the local law enforcement or the appropriate Atty. Generals office
>
> 2- Failed to do a full, fair and complete investigation in this matter
>
> 3- Failed to provide a safe, humane, and appropriately secure environment
>
> 4- Failed to keep Plaintiff free from the threat of sexual misconduct and sexual assault from that of Physician Assistant Dave Sehorn...
>
> 5- Breached it's duty of reasonable care owed to the Plaintiff due to the administration not assigning security officers or installing security cameras in Rm. #171 Bldg. #9 to monitor the behavior and actions of Physician Assistant Dave Sehorn

3

6- Breached it's duty of reasonable care owed to Plaintiff. Had security officers been on duty in Rm. #171 Bldg. #9, this incident would not have never occured [*sic*] on 8-10-10...

7- Failed to maintain a program of prevention, detection, response, investigation, and tracking of all alleged and substantiated sexual assaults

### Claim 4 Negligence
<u>1- Grievance Chairperson - Corporal Dennis Davis</u>
Spoke with him on 8-18-10 in the administration bldg at DeBerry Special Needs Facility

1- Failed to report the sexual misconduct and sexual assault committed by Physician Assistant Dave Sehorn to the local law enforcement agency or the appropriate District Atty. Generals Office

2- Failed to investigate the sexual misconduct and sexual assault committed by Dave Sehorn on 8-10-10 Rm. #171 Bldg. #9

### Claim 5 Negligence
<u>1- Sex Offender Counselor - Adolph Rhodes</u>
Spoke with him on 8-18-10 in the administration bldg #15 at DeBerry Special Needs Correctional Facility

1- Failed to report the sexual misconduct and sexual assault committed by Physician Assistant Dave Sehorn to the local law enforcement agency or the appropriate District Atty. Generals Office

2- Failed to investigate the sexual misconduct and sexual assault committed by Dave Sehorn on 8-10-10 Rm. #171 Bldg. #9

### Claim 6 Negligence
<u>1- Internal Affairs - Sgt. Larry McGee - Spoke with him on 8-20-10 Bldg. #8 at DeBerry Special Needs Facility</u>

1- Failed to report the sexual misconduct and sexual assault committed by Physician Assistant Dave Sehorn to the local law enforcement agency or the appropriate District Atty. Generals Office ...

2- Failed to do a full, fair and complete investigation in this matter

        <u>Claim 7 Negligence</u>
<u>1- Mental Health Specialist - Mrs. Josephine Elks - Spoke with her
on 9-10-10 Bldg. #9 DeBerry Special Needs Facility</u>

1- Failed to report the sexual misconduct and sexual assault
committed by Physician Assistant Dave Sehorn on 8-10-10 Rm.
#171 Bldg. #9 to the local law enforcement agency or the
appropriate District Atty. Generals Office ...

2- Failed to do a full, fair and complete investigation in this matter

3- Failed to provide sufficient, proper, effective and adequate
medical services.

. . .

        <u>Claim 9 Negligence</u>
<u>1- Security Sgt. Sheila Howard - Spoke with her on 9-27-10 at
Charles Bass Corr. Complex - Annex A - Bldg.</u>

1- Failed to report the sexual misconduct and sexual assault
committed by Physician Assistant Dave Sehorn the <u>internal affairs</u>,
the local law enforcement agency or the appropriate District Atty.
Generals Office

2- Failed to do a full, fair and complete investigation in this matter

Docket No. 1.

## III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not

suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. 42 U.S.C. § 1983**

Plaintiff alleges that Defendants violated his rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## **C.  The Case at Bar**

Plaintiff sues Assistant Commissioner Operations Rueben Hodge, Warden Jenny Jobe, Grievance Chairperson Cpl. Dennis Davis, Sex Offender Counselor Adolph Rhodes, Internal Affairs Sgt. Larry McGee, Mental Health Specialist Josephine Elks, and Security Sgt. Shiela Howard in their official and individual capacities.

As an initial matter, Defendants are TDOC employees. With regard to Plaintiff's official capacity claims against Defendants, in complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*. Because Defendants are TDOC employees, Plaintiff's claims against them in their official capacities are claims against the state of Tennessee.

As quoted above, 42 U.S.C. § 1983 authorizes the imposition of liability against every "person" who, acting under color of state law, violates another person's federally protected rights. *See* 42 U.S.C. § 1983. The law is well-settled that a state is not a "person" within the meaning of § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Clark v. Kentucky*, 229 F.Supp.2d 718, 722 (E.D. Ky. 2002). Because the State of Tennessee is not a "person" subject to suit for damages under 42 U.S.C. § 1983, Plaintiff has failed to state a claim upon which relief can be granted with regard to his official capacity claims.

Moreover, Plaintiff is unable to sustain his individual capacity claims against the supervisory Defendants because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037,

8

56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

As can be seen, the allegations against the instant Defendants contained in Plaintiff's Complaint are conclusory. Moreover, Plaintiff's allegations against the instant Defendants are based upon their "failure to act," not any active unconstitutional behavior, as required to establish § 1983 liability. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Additionally, although Plaintiff filed a grievance in this matter, Plaintiff cannot establish sufficient personal involvement of any of Defendants through his filing of that grievance (*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)), as a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose

liability upon supervisory personnel under § 1983." *Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129 (6th Cir. 1994).

Finally, Plaintiff avers that Defendants' failure to act was negligent. Negligence does not give rise to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976).

Given the allegations of Plaintiff's Complaint, he cannot sustain his individual capacity claims against the instant Defendants. The undersigned therefore recommends that the claims against them be dismissed, and that they be terminated as Defendants in this action.

The moving Defendants have also sought to have this action dismissed for Plaintiff's failure to properly exhaust his administrative remedies. Defendants argue that Plaintiff's grievance which was attached to the Complaint was filed seven weeks after the alleged event and was rejected as being untimely. While it does appear that the grievance which was attached to Plaintiff's Complaint was untimely, Plaintiff does not bear the burden of showing that he has exhausted his administrative remedies; rather, the burden is on Defendants to show, as an affirmative defense, that he has not. *Jones v. Bock,* 549 U.S. 199 (2007). At most, the record establishes that the one grievance Plaintiff submitted with his Complaint was not timely filed. The record, however, does not establish that Defendants are entitled to prevail on the instant Motion to Dismiss based upon the affirmative defense that Plaintiff has failed to exhaust his administrative remedies.

### IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendants' Motion to

Dismiss be GRANTED.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[2] If the instant Report and Recommendation is adopted, the following Defendants will remain as parties to this action: Sehorn, Carter, Bilbrey, Gibson, Tidwell, Lyboldt, and W. Howard.