# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RON TEASLEY #119207, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-00528 |
| v. ) | Judge Campbell / Knowles |
| ) | Jury Demand |
| DAVID SEHORN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is a Motion to Dismiss filed by Defendants Corizon, Inc. f/k/a Correctional Medical Services ("CMS") and Richard Carter, Executive Vice President of CMS.[1] Docket No. 35. Defendants have additionally filed a supporting Memorandum of Law. Docket No. 36. Defendants argue that Plaintiff's claims must be dismissed because Plaintiff's Complaint fails to contain sufficient factual matter, even if true, to state a claim against them that is plausible on its face, and because allegations of negligence are insufficient to state a claim under the Eighth Amendment. *Id.*

Plaintiff has not filed a response to the instant Motion.

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that, on

---

[1]Corizon, Inc. f/k/a Correctional Medical Services is not a named party to the instant lawsuit. *See* Docket No. 1. As best the undersigned can discern, CMS filed the instant Motion to Dismiss because Defendant Carter is its Executive Vice President, and would therefore, in his official capacity, stand in CMS's shoes.

August 10, 2010, Defendant Sehorn, a physician's assistant, touched him in a sexual manner during a physical examination and failed to provide him with appropriate medical care; and that the other Defendants failed to investigate and report the incident to the proper authorities, failed to provide Plaintiff with a safe and secure environment, and failed to assign security officers or install security cameras to monitor Defendant Sehorn. Docket No. 1. Plaintiff sues all Defendants in their individual and official capacities. *Id.* Plaintiff seeks compensatory and punitive damages from each Defendant, as well as "any and all other relief that the court deems fair and equitable." *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

## II. Facts

As a general matter, Plaintiff filed a grievance regarding the alleged August 10, 2010 incident on September 28, 2010. *See* Grievance attached to Docket No. 1. On October 18, 2010, Plaintiff received an "Inappropriate Grievance Notification," indicating that his grievance was "unable to be processed" because he had not followed policy. *Id.* The "Inappropriate Grievance Notification" indicated that, Plaintiff's grievance was untimely, because per TDOC Policy #501.01 VI(C)(1), grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. *Id.* The Notification also indicated that, "This issue has already been investigated by IA [Internal Affairs] of DSNF [DeBerry Special Needs Facility] resulting in not enough information to substantiate this claim." *Id.* On October 28, 2010, Plaintiff indicated that he wished to appeal the response to his grievance. *Id.* On February 15, 2011, Defendant Hodge notified Plaintiff that his grievance/correspondence was being returned to him because he did not follow the Inmate Grievance Procedures, specifically "TDOC Policy #501.01 and its

accompanying handbook." *Id.* Defendant Hodge notified Plaintiff that no other action was required and that "This [letter] is the final advisement of such." *Id.*

The allegations of Plaintiff's Complaint pertaining to the instant Defendants, in their entirety, are as follows:

> Claim 14 Negligence
> As required by Tenn. Statute, Tenn. Dept. Of Corrections
> Departmental Policy
>
> 1-Correctional Medical Services - Executive Vice President, Chief
> Operating Officer - Richard Carter
> 12647 Olive Blvd. St. Louis MO. 63141
>
> 1-Breached it's [*sic*] duty of reasonable care owed to Plaintiff
>
> 2-Failed to provide sufficient, proper, effective, and adequate medical service

Docket No. 1.

## III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965,

1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009).  The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B.  42 U.S.C. § 1983**

Plaintiff alleges that Defendants violated his rights pursuant to 42 U.S.C. § 1983.  *See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**C.  The Case at Bar**

As an initial matter, Plaintiff does not allege that Defendant Carter was in any way personally involved in the provision of his care or the conduct that allegedly violated his rights. It appears that Plaintiff includes Defendant Carter as a party to this action because he is the Executive Vice President of CMS. Plaintiff is unable to sustain his individual capacity claims against Defendant Carter as the Executive Vice President of CMS, however, because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendant Carter to be held liable in his individual capacity, Plaintiff must demonstrate that he personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

As has been discussed, Plaintiff does not allege that Defendant Carter was in any way personally involved in the provision of his care, or the conduct that allegedly violated his rights. Because Plaintiff has not demonstrated that Defendant Carter "personally condoned, encouraged, or participated in the conduct that allegedly violated his rights," he cannot sustain an individual capacity claim against him.

With regard to his official capacity claim against Defendant Carter, Defendant Carter would stand in the shoes of CMS. In order for CMS to be held liable, Plaintiff must allege that an official CMS policy, practice, or custom caused the conduct that allegedly violated his rights. *See Monell*, 436 U.S. 658 (1978). Plaintiff does not do so. Because Plaintiff has not alleged that an official CMS policy, practice, or custom caused the conduct that allegedly violated his rights,

he cannot sustain this claim.

Finally, Plaintiff claims negligence as grounds for his action. Negligence does not give rise to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Absent a constitutional violation, Plaintiff cannot sustain either an individual capacity claim or an official capacity claim.

Given the allegations of Plaintiff's Complaint, he cannot sustain his claims against Defendant Carter. The undersigned therefore recommends that the claims against him be dismissed, and that he be terminated as a Defendant in this action.

### IV. Conclusion

For the forgoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge