UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON TEASLEY #119207, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-00528 |
| v. ) | Judge Campbell / Knowles |
| ) | Jury Demand |
| DAVID SEHORN, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f)(1)(C) filed by Defendants Sehorn, Bilbrey, Gibson, Tidwell, and W. Howard.[1] Docket No. 75. Defendants have contemporaneously submitted a supporting Memorandum of Law. Docket No. 76. As grounds for their Motion, Defendants argue that this action should be dismissed for Plaintiff's Failure to Prosecute or Comply with the Court's Scheduling Order. *Id.*

Plaintiff has not responded to the instant Motion.

Defendants argue that the Court has been sending notices to the address on file for Plaintiff, but that, since December 6, 2011, the Court's mail to that address has been returned as unclaimed or unclaimed and undeliverable. Docket No. 76, *citing* Docket Nos. 69, 72, 73, 74.

---

[1]Besides the instant Defendants, the only remaining Defendant is Defendant Lyboldt. Defendant Lyboldt has filed her own Motion to Dismiss (Docket No. 67), which the undersigned will address in a separate Report and Recommendation. Defendants Hodge, Carter, Jobe, Davis, McGee, Rhodes, Elks, and S. Howard have been terminated as parties in this action pursuant to an Order issued by Judge Campbell on November 11, 2011. *See* Docket No. 60.

1

Defendants further argue that "it is apparent that Mr. Teasley has moved from the Madison, Tennessee address and has left no forwarding address" or "notified the Court of a change of address" because Docket No. 73 was returned, marked "Return to sender, unable to forward." *Id.*, p. 1, *citing* Docket No. 73.

Defendants contend that this "case cannot move forward without knowledge of the plaintiff's whereabouts." *Id.*, p. 2. Defendants assert that, because the Court gave Plaintiff notice, through the Scheduling Order, that if Plaintiff did not keep the Court and Defendants aware of any changes of address, his case could be dismissed, dismissal is appropriate since "the plaintiff has abandoned the case and failed to comply with the Court's orders." *Id.* Accordingly, Defendants argue that this action should be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order, and pursuant to Fed. R. Civ. P. 16(f)(1)(C) for failure to obey the Court's scheduling order. *Id.*

Fed. R. Civ. P. 41(b) provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 16(f)(1)(C) provides:

> **(f) Sanctions.**
>    **(1) *In General*.** On Motion on or its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>      . . .
>        **(C)** fails to obey a scheduling or other pretrial order.

In the case at bar, on November 21, 2011, the undersigned issued a Scheduling Order in

2

this action that provided in pertinent part:

> Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A plaintiff's failure to keep the Court informed of his/her current address may result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with the Court's order.

Docket No. 62, p. 2.

The record reflects that Plaintiff signed for Court correspondence as late as October 2011. *See* Docket Nos. 56, 59. Beginning in December 2011, however, the record reflects that the Certified Mail sent to Plaintiff at the most recent address on file for him was being returned as "unclaimed" and "unclaimed/ undeliverable." *See* Docket Nos. 69, 72, 73.

It appears as though Plaintiff has moved and his whereabouts are unknown. Absent a way to communicate with Plaintiff, this case cannot proceed. Additionally, he has not responded to the instant Motion, and it appears as though he has abandoned this case. For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

3

Case 3:11-cv-00528   Document 78   Filed 05/16/12   Page 3 of 4 PageID #: 215

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

4